HERGET, Judge.
Plaintiff instituted executory proceedings against the Estate of Joseph E. Bollinger (the heirs and surviving spouse) contradictorily with a curator ad hoc appointed by the trial Court upon his allegation “ * * * that an order of executory process enter accordingly with appointment of an attorney to represent them as the mortgagor is dead, no representative or judgment of possession and in accordance with Section 2 of article 2674 of La. Code of civil procedure.”
The property was sold at public auction and was bought in by Plaintiff. After the sale of the property the Plaintiff instituted a Third Opposition in the proceeding contradictorily with the attorney appointed in accordance with the above referred to article of LSA-C.C.P. seeking payment of other indebtedness allegedly owed to him by the succession and judgment was rendered on said Third Opposition in favor of Plaintiff for the amounts sought and ordering the Sheriff of Livingston Parish, Louisiana to distribute the funds accordingly. Subsequent to said judgment an appeal was granted to this Court on the petition of Dorothy Jane Watts Bollinger who alleged that she was the duly qualified administra-trix of the Succession of Joseph E. Bollin-ger.
In this Court appellee has filed an exception of no cause or right of action predicated on the assertion that there is nothing in the record to show that appellant is a party in interest, either in a representative capacity or in an individual capacity. Though the petition for appeal was granted on the representation of appellant that she was the duly qualified ad-ministratrix of the Succession of Joseph E. Bollinger, there is not attached to the petition Letters of Administration to appellant.
Inasmuch as this Court cannot take evidence on an issue, under the provisions of LSA-C.C.P. Article 2164 this matter is remanded to the Trial Court solely for the purpose of permitting appellant within ten (10) days from this judgment in a proceeding contradictorily with ap-pellee to place in the record evidence of her appointment and qualification as adminis-tratrix of the Succession of Joseph E. Bollinger and upon the furnishing of such evidence same is to be transmitted to this Court within three (3) days thereafter, this Court retaining jurisdiction of the appeal on the present Order of Appeal and bond furnished thereon.
Remanded.