HERGET, Judge.
This is an appeal by the Administratrix of the Estate of Joseph E. Bollinger from a judgment in favor of intervenor, Leonard K. Kinchen, ordering the Sheriff of the Parish of Livingston to distribute certain funds belonging to the estate received from the sale of property pursuant to an order of executory process.
This Court remanded the instant matter to the trial Court, retaining jurisdiction of the appeal, to permit appellant to place in the record evidence of her appointment and qualifications as Administratrix of the Succession of Bollinger, 146 So.2d 416. Accordingly, a certified copy of the Letters of Administration issued to Mrs. Dorothy Jane Watts Bollinger on July 14, *164 1961 and the entire succession proceedings have been introduced and filed as evidence showing that appellant in a representative capacity is a party in interest to this suit.
On February 24, 1961 Plaintiff instituted a suit by executory process foreclosing on a note executed by Joseph E. Bollinger in the principal sum of $600 with interest at the rate of 8% per annum from date until paid and 10% additional on both principal and interest as attorney fees, which note was secured by an act of mortgage on a sixty-acre tract of land owned by decedent in Livingston Parish, Louisiana. Alleging the death of the mortgagor, petitioner prayed in accordance with LSA-C.C.P. Article 2674 for the appointment of an attorney at law to represent the deceased debtor. An order of executory process was issued and the Sheriff, after due delays, sold the mortgaged property, without ap-praisement, to Leonard K. Kinchen, the highest bidder, on April 29,1961 for $10,000.
On May 5, 1961 Leonard K. Kinchen filed a petition of intervention alleging he was the owner and holder, for value before maturity, of several notes attached to the petition and prayed that the Sheriff be ordered to pay him by preference and priority to other creditors the principal, interest and attorney fees on these notes. Judgment was rendered on May 18, 1961 ordering the Sheriff to disburse funds in the amount of the notes to Intervenor as prayed for and a total of $8,865.18 representing principal, interest and attorney fees was disbursed by the Sheriff to Mr. Kinchen. No opposition was made to the proceedings; however, on July 18, 1961 the Administratrix appealed to this Court.
Initially appellant contends it was incumbent upon Intervenor to serve a representative of the estate with the petition of intervention in lieu of the attorney at law appointed upon the issuance of the execu-tory proceedings. Inasmuch as appellant had not qualified as administratrix at the time of the institution of the executory proceedings and LSA-C.C.P. Article 2674 provides for the appointment of an attorney at law to represent the unrepresented defendant in an executory proceeding when the debtor is dead and no succession representative has been appointed and his heirs and legatees have not been sent into possession, this contention is without merit. L SA-C.C.P. Articles 1093 and 1313 provide the procedure and methods for serving the intervention on the Sheriff and all parties to the principal action, which procedure was followed in this instance.
Following the trial of the intervention on its merits the trial Court rendered judgment reading, in part, as follows:
“IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of opponent, Leonard K. Kinchen and against Sheriff Hon. Taft Faust and the defendants, the heirs of Joseph E. Bollinger, deceased, for judgment ordering and commanding the Sheriff to pay to petitioner, Leonard K. Kinchen the full sum of:
“1. $600 with 8% per annum interest from October 7, 1959 until paid and 10% of both principal and interest as attorneys fees.
“2. $200 represented by note dated January 25, 1960, conditioned to bear 8% per annum interest from date of January 25, 1960 and plus 10% of both principal and interest as attorneys fees.
“3. $100 represented by note dated March 12, 1960 with 8% per annum interest thereon from date of March 12, 1960 and 10% of both principal and interest as attorneys fees.
“4. $200 plus 8% per annum interest from August 12, 1960 plus 15% of both principal and interest as attorneys fees.
“5. $500 plus 8% per annum interest from date of June 22, 1960 plus 10% of both principal and interest as attorneys fees.
*165 "6. $450 plus 8% per annum interest from September 29, 1960 until paid and 10% of both principal and interest as attorneys fees.
“7. $2505.76 plus 8% per annum interest from May 1, 1959 until paid and plus 15% of both principal and interest as attorneys fees.
“8. $1,000 plus 6% per annum interest from January 11, 1958 plus 20% of both principal and interest as attorneys fees.
“9. $1,181.67 plus 6% per annum interest from January 26, 1957 until paid and 10% of both principal and interest as attorneys fees.
as of the date of the filing of this with preference and priority over any and all other claimants from the proceeds of the sale.”
Appellant contends the judgment in the intervention proceeding ordering the Sheriff to disburse the funds received from the sale of the property to the Intervenor as prayed for was rendered without sufficient evidence to establish the validity of Mr. Kinchen’s claims as holder and owner, before maturity, of the several notes itemized in the petition which Intervenor alleged he was entitled to be paid by preference and priority out of said funds in addition to the note executed upon. An examination of the notes discloses the following:
Item No. 1 is a $600 note secured by mortgage dated October 7, 1959 payable October 7, 1960 to the order of “Myself” made and endorsed by Joe Bollinger.
This is the same note as that described in the executory proceedings. In said proceedings the balance remaining due on the note was ordered to be deducted from the amount paid for the property at the Sheriff’s sale, and in the action of intervention the amount of said note was ordered paid to Mr. Kinchen as Intervenor. However, the record shows the Sheriff correctly disbursed the amount but once as ordered in the intervention proceedings.
Item 2 is a note for $200 dated January 25, 1960 and provides: “Leonard Kinchen after date, I, we, or either of us promise to pay 1 (illegible) or order —-DOLLARS * * * Due January 25, 1961” made but not endorsed by Joe Bollinger.
Item No. 3 is a note dated March 12, 1960 for $100, due September 12, 1960, payable to the order of The Citizens National Bank in Hammond Leonard Kinchen or (illegible) Kinchen, made and endorsed by Joe Bollinger.
Item No. 4 is a note dated 8/12/60 for $200 due December 22, 1960 payable to the order of Guaranty Bank and Trust Company, made by Joe Bol-linger and on the reverse there is a notation: “Secured by pledge and delivery of $3000.00 collateral mortgage note 5/1/59 + Mtg. note 1 1/11/58 Joe Bollinger.”
Item No. 5 is a note for $500 dated 6/22/1960 due six months after date payable to the order of Guaranty Bank & Trust Company, made by Joe Bollin-ger and on the reverse of the note there is this notation: “Secured by pledge and delivery of $3000.00 5/1/59 also by mtg. note 1181.67 dated 1/26/57” and the endorsement of Joe Bollinger.
Item No. 6 is a note for $450 dated 9/29/1960, due 12/22/60, payable to the order of Guaranty Bank & Trust Company, made by Joe Bollinger, and on the reverse there is the notation: “Secured by pledge of $3000.00 collateral mortgage note 5/1/59 and mortgage note 1000 1/11/58” endorsed by Joe Bollinger.
Item No. 7 is a note dated 5/1/59 providing $70.00 per month start 6/1/59, in the amount of $2507.76 payable to *166 the order of Guaranty Bank & Trust Company, made by Joe E. Bollinger and what appears to be Dorothy Bollinger, though part of the signature is torn off. On the reverse of the note there is this notation: “Secured by pledge of Coll. mtg. note in the amount of (All numerals except 00.00 are torn off. Same tear referred to on the signature portion of the note on the reverse side) dated S/1/S9 and passed before Ben Tucker N.P.” Endorsed Joe E. Bollin-ger and Dorothy Bollinger, and then the following notations appear: “4/2/60-Pd. $1.00 cash to Ext $70.00 payment due April 1st to May 1st. x Joe Bollin-ger L.L.”
Item No. 8 is a note in the amount of $1,000 dated January 11, 1958, payable to the order of “Myself” and by Joe E. Bollinger and Dorothy J. Bollinger made and endorsed, paraphed “Ne Var-ietur” by Iddo Pittman, Jr., Notary Public for identification with an act of collateral mortgage dated January 11, 1958; and
Item No. 9 is a note dated January 26, 1957 in the amount of $1,181.67 payable to the order of Guaranty Bank and Trust Company, made, but not endorsed, by Joe E. Bollinger and Dorothy Bollinger, paraphed “Ne Varietur” by Iddo Pittman, Jr., Notary Public for identification with an act of “Real Mortgage” dated January 26, 1957.
In addition to the nine items sued upon there was admitted in the record for evidence a note for $3,000 payable to the order of “Myself” made and endorsed by Joe Bollinger and Dorothy Bollinger, paraphed “Ne Varietur” by Ben N. Tucker, Notary Public for identification with an act of collateral mortgage dated May 1, 1959, which note bears this language: “Due on demand and to be attached as collateral to any plain note or notes, which said note or notes shall govern the time of payment and all other conditions relative to the mortgage note.”
LSA-C.C.P. Article 2643 provides:
“A third person claiming a mortgage or privilege on the property seized in an executory proceeding, superior to that of the plaintiff, may assert a preference in the distribution of the proceeds of the sale of the property by intervening, as provided in Article 1092.
“A third person claiming a mortgage or privilege on the property seized in an executory proceeding, inferior to that of the plaintiff, similarly may assert by intervention a preference in the distribution of the surplus of the proceeds of the sale of the property remaining after the claim of the plaintiff has been paid in full.
“The intervention shall be served as provided in Article 1093 and shall be tried summarily.”
Thus, to assert a preference in the distribution of the proceeds of the sale of property, the intervenor, to gain such right, must assert a claim on a mortgage or privilege on the property seized. In the absence of a recorded judgment decreeing the indebtedness of the deceased, the notes herein sued on by Intervenor, unrecorded and unsecured, do not represent a mortgage or privilege as provided in the article quoted supra. Similarly, the sums allegedly due on items 2 in the amount of $200 and 3 in the amount of $100 were improperly claimed by Intervenor and invalidly disbursed by the Sheriff, in accordance with the judgment on the intervention, as neither note is recognized by judgment and neither is secured by lien or mortgage. Examination of items 4, 5, 6, 7 and 9 in the principal amounts of $200, $500, $450, $2,507.76 and $1,181.67, respectively, reveal none of the notes, all of which were made payable to the Guaranty Bank and Trust Company, bear the endorsement of the bank.
LSA-R.S. 7:49 provides:
“Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer *167 vests in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferer. But for the purposes of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made.”
Therefore, until the endorsement is made the transferee of said note cannot be deemed or recognized as the holder in due course. Hence, these items were improperly claimed by Intervenor and invalidly recognized by the judgment.
The collateral note in the sum of $1,000 dated January 11, 1958, item No. 8, is not evidence on the part of the alleged indebtedness in said amount by decedent or his estate but was executed solely for the purpose of securing any indebtedness incurred by decedent to the holder up to and including the principal amount of said collateral note.
The notes in the sums of $200 and $450, items 4 and 6, respectively, apparently were secured by this $1,000 collateral note. The amounts of the $200 and $450 notes cannot be considered as debts in addition to the $1,000 collateral note as, in fact, decedent was indebted unto Intervenor solely for the two smaller notes.
We further observe that the note in the sum of $100 dated March 3, 1960, item No. 3, made payable to "The Citizens National Bank in Hammond Leonard Kinchen or (illegible) Kinchen” was not endorsed by either of the payees to its purported holder Leonard K. Kinchen, though LSA-R.S. 7:41 provides:
"Where an instrument is payable to the order of two or more payees or in-dorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others.”
This appeal is not from the judgment or order providing for the seizure and sale of the property under executory process but is solely from that judgment on the intervention rendered May 18, 1961 recognizing In-tervenor as the holder and owner of the notes itemized hereinabove and ordering the Sheriff to disburse to the Intervenor the sums allegedly due on said notes.
Inasmuch as we are of the opinion for the reasons noted herein that said judgment of date May 18, 1961 is invalid, it is ordered that Intervenor, Leonard Kinchen, return the money so disbursed to the Sheriff of Livingston Parish, Louisiana, to hold pending further orders of the trial Court, said sum amounting to $8,865.18, less and except the amount of $600 principal, $84.93 interest at 8% from October 7, 1959 and $68.49 representing 10% attorney fees on principal and interest, or a total of $753.42, which amount Plaintiff is entitled to by virtue of the note in this amount claimed in the ex-ecutory proceedings.
It is further ordered the intervention be dismissed as of nonsuit. Costs of the execu-tory proceedings and seizure and sale of the property are to be paid by Defendant; all other costs, including the cost of this appeal, are to be paid by Intervenor.